**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**JOSEPH E. HICKS,**

       **Petitioner,**

**vs.**                                                                 **Case No. 4:10cv529-RH/WCS**


**SECRETARY, FLORIDA
DEPT OF CORRECTIONS,**

       **Respondent.**

_____/


<u>**REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION**</u>

       Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with supporting memorandum, docs. 1 and 3, and a motion to proceed in forma pauperis.  Doc. 2.  He recently filed a notice of inquiry.

       Petitioner is currently incarcerated at River Junction Work Camp, and challenges the judgment of the Fourth Judicial Circuit Court in Duval County, Florida.  Jurisdiction is appropriate in this district and the Middle District of Florida, as the districts of confinement and conviction, respectively.  28 U.S.C. § 2241(d).

The district of conviction would appear to be the most convenient and appropriate venue, and the petition should be transferred to the Middle District of Florida.  § 2241(d).  *See also*, Parker v. Singletary, 974 F.2d 1562, 1582 and nn. 114 and 118 (11th Cir. 1992) (finding transfer "in furtherance of justice" under § 2241(d), citations omitted); Eagle v. Linahan, 279 F.3d 926, 933, n. 9  (11th Cir. 2001) (noting that the practice in district courts in Georgia was to transfer petitions to the district of conviction under § 2241(d)).

As it appears that transfer is appropriate, a ruling on the motion to proceed in forma pauperis will be made by the transferee court.  Petitioner is advised, however, that the fee for filing a habeas corpus petition is $ 5.00.  Deposits are regularly made to Petitioner's inmate account, and almost all of the funds go toward canteen purchases.  Doc. 2-1 (inmate account statement).  All litigants, including prisoners proceeding pro se,  must make decisions about how to spend their money when contemplating litigation, and may have to make sacrifices to pursue a claim.  *See*, Beck v. Symington, 972 F. Supp. 532, 535 (D. Ariz. 1997), *quoting* Lumbert v. Illinois Dept. of Corrections, 827 F.2d 257, 260 (7th Cir. 1987) (noting that an inmate finding it more worthwhile to use funds to purchase snacks than to file suit "has demonstrated an implied evaluation of the suit that the district court is entitled to honor.").  To avoid further delay upon the transfer of his petition, Petitioner should either pay the fee or submit an updated inmate account statement demonstrating his inability to do so.

It is therefore respectfully **RECOMMENDED** that the case file and any service copies be **TRANSFERRED** to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on February 28, 2011.


 s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO PARTIES**</u>

**Within 15 days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:10cv529-RH/WCS