UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH E. HICKS,

              Petitioner,

vs.                                 Case No. 3:11-cv-352-J-39JBT

SECRETARY, DOC, et al.,

              Respondents.

_____

**ORDER**

**I.  STATUS**

Petitioner Joseph E. Hicks filed a <u>pro</u> <u>se</u> Petition Under 28 U.S.C. § 2254 By a Person in Custody Pursuant to a State Court Judgment (Petition) (Doc. 1) and a Memorandum of Law (Memorandum) (Doc. 3). The Petition challenges a 2003 state court (Duval County) conviction and sentence for burglary of a dwelling. <u>Id</u>. at 2. Petitioner raises one ground for habeas relief:

> The trial court committed a procedural defect by failing to orally pronounce or provide written notice of both standard and special conditions of probation during sentencing, where the court, during revocation proceedings, subsequently violated Hicks' probation and imposed an extended term of incarceration for failing to comply with the standard and special conditions thus omitted, contrary to Hicks 14th, Amendment Right under the United Staters [sic] Constitution and Art. 1. § 9 of the Florida Constitution.

Petition at 6 (italics omitted).

The Court will thoroughly address this ground for habeas relief. <u>Clisby v. Jones</u>, 960 F.2d 925, 936 (11th Cir. 1992),

Dupree v. Warden, 715 F.3d 1295, 1298 (11th Cir. 2013). Upon review of the record, no evidentiary proceedings are required in this Court.

Respondents filed a Response to Petition for Habeas Corpus (Response) (Doc. 18)[1] and Exhibits (Appendix) (Doc. 19).[2] In response, Petitioner filed a Reply to Order to Show Cause (Doc. 22). See Order (Doc. 13).

## II.   STANDARD OF REVIEW

This Court will analyze Petitioner's sole claim under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA). "By its terms [28 U.S.C.] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions." Harrington v. Richter, 131 S.Ct. 770, 784 (2011). The exceptions are: (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established federal law; or (3) the decision was based on an unreasonable determination of the facts. Id. at 785.

---

[1] Respondents calculate that the Petition is timely, Response at 4, and the Court accepts this calculation.

[2] The Court hereinafter refers to the Exhibits contained in the Appendix as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the Appendix. Otherwise, the page number on the particular document will be referenced.

There is a presumption of correctness of state courts' factual findings unless rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This presumption applies to the factual determinations of both trial and appellate courts. See Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

### III.   EXHAUSTION AND PROCEDURAL DEFAULT

Of import, there are prerequisites to a federal habeas review. The Court must be mindful of the doctrine of procedural default:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e.g., Coleman, supra, at 747-748, 111 S.Ct. 2546; Sykes, supra, at 84-85, 97 S.Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. ----, ----, 131 S.Ct. 1120, 1127-1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S. ----, ----, 130 S.Ct. 612, 617-618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of

federal law. See Coleman, 501 U.S., at 750,
111 S.Ct. 2546.

Martinez v. Ryan, 132 S.Ct. 1309, 1316 (2012).

In addition, in addressing the question of exhaustion, the
Court must ask whether the claim was raised in the state court
proceedings and whether the state court was alerted to the federal
nature of the claim:

> Before seeking § 2254 habeas relief in
> federal court, a petitioner must exhaust all
> state court remedies available for challenging
> his conviction. See 28 U.S.C. § 2254(b), (c).
> For a federal claim to be exhausted, the
> petitioner must have "fairly presented [it] to
> the state courts." McNair v. Campbell, 416
> F.3d 1291, 1302 (11th Cir. 2005). The Supreme
> Court has suggested that a litigant could do
> so by including in his claim before the state
> appellate court "the federal source of law on
> which he relies or a case deciding such a
> claim on federal grounds, or by simply
> labeling the claim 'federal.'" Baldwin v.
> Reese, 541 U.S. 27, 32, 124 S.Ct. 1347, 158
> L.Ed.2d 64 (2004). The Court's guidance in
> Baldwin "must be applied with common sense and
> in light of the purpose underlying the
> exhaustion requirement"—namely, giving the
> state courts "a meaningful opportunity" to
> address the federal claim. McNair, 416 F.3d at
> 1302. Thus, a petitioner could not satisfy the
> exhaustion requirement merely by presenting
> the state court with "all the facts necessary
> to support the claim," or by making a
> "somewhat similar state-law claim." Kelley,
> 377 F.3d at 1343-44. Rather, he must make his
> claims in a manner that provides the state
> courts with "the opportunity to apply
> controlling legal principles to the facts
> bearing upon (his) [federal] constitutional
> claim." Id. at 1344 (quotation omitted).

Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351-52 (11th Cir. 2012), cert. denied, 133 S.Ct. 875 (2013).

Procedural defaults may be excused under certain circumstances. Indeed, "[a] petitioner who fails to exhaust his claim is procedurally barred from pursuing that claim on habeas review in federal court unless he shows either cause for and actual prejudice from the default or a fundamental miscarriage of justice from applying the default." Id. at 1353 (citing Bailey v. Nagle, 172 F.3d 1299, 1306 (11th Cir. 1999) (per curiam)). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002).

In order for Petitioner to establish cause,

> the procedural default "must result from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributable to his own conduct." McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992) (quoting Carrier, 477 U.S. at 488, 106 S.Ct. 2639). Under the prejudice prong, [a petitioner] must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." Id. at 1261 (quoting Carrier, 477 U.S. at 494, 106 S.Ct. 2639).

Wright v. Hopper, 169 F.3d 695, 706 (11th Cir.), cert. denied, 528 U.S. 934 (1999). Of note, "[i]nadequate assistance of counsel at

initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Martinez, 132 S.Ct. at 1315.

### IV.   PROCEDURAL HISTORY

The record shows the following transpired.  Petitioner was charged by information with burglary of a dwelling.  Ex. A at 12-13.  The state filed a Notice of Intent to Classify Defendant as a Habitual Felony Offender.  Id. at 16.  The jury trial began on January 29, 2003, before the Honorable Charles Arnold.  Ex. C.  The jury returned a verdict of guilty as charged, with a finding that the structure was a dwelling.  Ex. D at 330; Ex. A at 43.

On February 4, 2003, Petitioner filed a Motion for New Trial. Ex. A at 44-45.  The trial court denied the motion.  Id. at 46, 92. The court conducted a sentencing proceeding on February 20, 2003. Id. at 89-122.  At the proceeding, Petitioner's sisters, Roselyn Hicks Kimbro and Viola Hicks McGriff; Petitioner's employer, Wayne Norman; and Petitioner's cousin/minister, Arthur Wilcox, spoke on Petitioner's behalf.  Id. at 98-109.  In addition, Petitioner testified.  Id. at 109-14.  Defense counsel argued that Petitioner is a worker, has good skills, helps his family and others, and his offenses are not egregious.  Id. at 114-15.  Defense counsel stated Petitioner has a drug problem and needs help.  Id. at 115.  The prosecutor asked the court to sentence Petitioner to fifteen years in prison.  Id. at 118.

The court announced the following:

THE COURT:   Mr. Hicks, as Mr. Wulbern [defense counsel] so adequately pointed out, you're not the worse criminal we see down here by any means, and the fact you have not been to state prison before I don't like to saddle people with decades imprisonment when they've never been sentenced to State Prison before. So although Mr. Joshi's [the prosecutor] suggestion might be a good one, I'm not going to follow it.  But I may follow it at a later day and I'll tell you more about that in a minute.

Based on your -- the jury verdict finding you guilty of burglary of a dwelling the Court will adjudge you to be guilty of that offense and sentence you as habitual offender to serve three years in the custody of the Department of Corrections, to be followed by three years probation.  As condition of probation that you pay court cost that I'm going to impose in the amount of $276 and [$]200 attorney['s] lien.

I'm also going to retain jurisdiction for a period of 60 days to determine if there is any restitution owed to the victim in this case, and if there is I will make it [a] condition of your probation that you pay that as well.

I'm going to recommend to the Department of Corrections that you be housed in an institution where you can receive help for any drug problem you may have.

Mr. Hicks, I hope you take advantage of this sentence, I know it's no fun to go to prison for any period of time but believe me you're fortunate to receive a sentence.  And I'll be honest with you, I'm doing it primarily because you've got such a nice family that I know is going to be supportive of you when you get out.  **But if you violate the terms and conditions of your probation, that is, if you get arrested again for another offense or if you get caught doing drugs and you are brought back before me then I'll give you the difference between three years and 15 years as suggested by Mr. Joshi.  So I am**

- 7 -

> **promising you that today you're going to see**
> **12 more years if you come back down here for**
> **violation, so don't let that happen.**
>
> And I will appoint the Public Defender –
> you have 30 days to appeal and I will appoint
> the Public Defender's Office for purposes of
> appeal.  And you're to be given credit for
> your time served of?
>
> THE CLERK: 126 days.
>
> THE COURT: 126 days.  Thank you for
> coming down, folks, nice to see y'all.
>
> (Hearing concluded.)

Ex. A at 119-21 (emphasis added).

The Judgment and Sentence were entered on February 20, 2003. Id. at 75-79.  The sentence reflects the following: (1) the defendant is committed to the custody of the Department of Corrections; (2) the term of imprisonment is three years; the prison term is to be followed by a period of three years on probation "under the supervision of the Department of Corrections according to the terms and conditions of supervision set forth in a **separate order entered herein**." Id. at 177 (emphasis added).  In addition, the sentence credits the defendant with 126 days of jail time, adjudicates the defendant a habitual felony offender, and recommends the Florida Department of Corrections provide an institutional facility with "drug/eval./treatment." Id. at 77-79.

On February 21, 2003, Petitioner appealed his conviction. Id. at 84.  An Assistant Public Defender represented Petitioner on direct appeal.  Ex. F.  Petitioner raised one ground:

- 8 -

> Appellant was denied his fundamental right to
> due process of law and to trial by jury when
> the trial court instructed the jury that a
> carport attached to a dwelling is a dwelling.

Id. at i.   The state answered.   Ex. G.   Petitioner replied.   Ex.

H.   The First District Court of Appeal affirmed per curiam on

January 15, 2004.   Ex. I.   The mandate issued on February 2, 2004.

Ex. J.

Meanwhile, on March 31, 2003, Petitioner filed a pro se Motion

to Correct Illegal Sentence Credit for County Jail Time Served.

Ex. K at 89-95.   The circuit court granted the motion.   Id. at 96-

97.   On January 25, 2004, Petitioner filed a pro se Motion for

Reduction or Modification of Sentence.   Id. at 143-47.   The circuit

court denied the Fla. R. Crim. P. Rule 3.800(c) motion.   Id. at

148.

On May 27, 2005, the Florida Department of Corrections

released Petitioner from custody.[3]   On July 11, 2005, Christopher

Howell, Correctional Probation Specialist, wrote a memorandum to

Judge Lawrence P. Haddock concerning Petitioner Hicks, and said:

> The above referenced defendant appeared
> before the Honorable Charles W. Arnold on
> February 20, 2003 for sentencing on one count
> of *Burglary of a Dwelling*.   At that time, the
> Court sentenced defendant to 3 years state
> prison followed by 3 years of probation.
> **However, no Order of Probation was ever
> executed or filed with the Clerk of the Court
> after his sentencing.**   A copy of both the
> Judgment & Sentence and the clerks calendar

---

[3]   See Corrections Offender Network, Inmate Population
Information Detail.

> from that event are attached for your inspection.  Please advise as to your decision regarding the issuance of an Order of Probation in this case.  Thank you.

Ex. K at 153 (emphasis added).  This memorandum includes a hand-written notation at the top which states: "Linda, I think you have to do probation order. Tks., R[.]" Id.  Without any further explanation or documentation, an Order of Probation is file stamped by the Clerk on July 28, 2005.  Id. at 149-52.  It is dated February 20, 2003, and signed by Judge Arnold, the trial judge. Id. at 152.  Of import, the Order of Probation is not dated and signed by the Probationer, nor is it signed by the instructor.  Id. Id.  It includes both general conditions and a special condition of drug evaluation and treatment (condition 13).

The Probation Officer, Mr. Howell, filed an initial Violation Report on August 15, 2005.  Id. at 161-62.  It charges three violations: (1) condition 6, possession of drugs, for testing positive for cocaine on August 5, 2005; (2) condition 8, failure to truthfully respond to the probation officer's questions on August 5, 2005 concerning cocaine use; and (3) condition 13, failure to complete drug treatment by being discharged from an outpatient drug treatment program on August 6, 2005.  Id. at 161.  On September 21, 2005, the police arrested Petitioner for a violation of probation. Id. at 165-68.

Mr. Howell signed an Amended Affidavit Violation of Probation (Amended Affidavit) on September 22, 2005, and he signed an

Addendum to Violation Report Dated August 11, 2005 (Addendum) on September 21, 2005. Id. at 172-76. The Amended Affidavit states: "Affiant states that the offender was instructed on the conditions of probation on May 27, 2005 by Correctional Probation Specialist Christopher Howell. Id. at 172. The Amended Affidavit adds one claim of violation, condition 1, failure to report by the fifth day of September. Id. This additional claim of violation appears on the Addendum as well. Id. at 174.

Judge Haddock conducted revocation proceedings on December 8, 2005. Ex. L at 232-67. Counsel represented Petitioner at the revocation. Id. at 233. Mr. Howell testified: "Mr. Hicks was released on -- from the Department of Corrections institution on May 27th, 2005, and that was the effective date that we began serving -- or supervising him for his probation term as ordered by the Court on this case number." Id. at 237. Mr. Howell further attested: "[t]he part of the order of probation issued by Judge Arnold in that sentence required a special condition that the defendant submit to a substance abuse evaluation and complete any recommended treatment. So pursuant to the order of probation I referred the defendant to drug treatment." Id. at 240. Mr. Howell testified that he referred Petitioner to North South Human Services for substance abuse treatment on June 3, 2005. Id. at 240-41.

Petitioner made a statement to the court, admitting that he did drugs at the time and that he made a "mistake messing with drugs." Id. at 256. Judge Haddock found violations of condition

- 11 -

1 (failing to report by September 5, 2005); condition 6 (using drugs by testing positive on August 5, 2005); condition 13 (failing to complete the drug treatment program); and condition 8 (failing to truthfully answer an inquiry by the probation officer). Id. at 260-61. Judge Haddock found Petitioner violated his probation, and he revoked Petitioner's probationary sentence. Id. at 261. He sentenced Petitioner to fifteen years in prison (noting Petitioner had already been adjudicated guilty of burglary of a dwelling and of being a habitual felony offender), with a recommendation of drug treatment while in prison. Id. at 264, 266.

Petitioner appealed, claiming the trial court erred in revoking his probation for condition 13 (failure to complete drug treatment) and condition 6 (possession of drugs or narcotics). Ex. M at i. Counsel represented Petitioner on appeal. With respect to condition 13, she claimed that revocation was improper "because the trial court did not orally pronounce this special condition and the probation order failed to specify a time certain for completion of the treatment program." Id. at 5. The state responded asserting Petitioner's grounds were procedurally barred as he should have challenged the terms of probation when they were first imposed in 2003. Ex. N at 3. On October 13, 2006, the First District Court of Appeal affirmed per curiam. Ex. O. The mandate issued on October 31, 2006. Ex. P.

Petitioner submitted a pro se Motion for Post-Conviction Relief Pursuant to Fla. R. Crim. P. 3.850 on November 14, 2006,

pursuant to the mailbox rule.  Ex. Q at 1-23.  He claimed the ineffective assistance of revocation of probation counsel for the following:  (1) failure to attack the state's failure to show a willful violation; (2) failure to object to vindictive sentencing; and (3) failure to provide proper advice concerning his right to testify.  Id.  On December 8, 2006, Judge Haddock denied the motion.  Id. at 24-28.  In pertinent part, he said:

> The undersigned was the presiding judge at the violation of probation hearing and sentencing.  The State proved beyond every reasonable doubt that the defendant violated Condition 1 of his probation order by failing to make a full and truthful report to his officer no later than the fifth day of each month in that on May 27, 2005, the defendant was instructed by Officer Christopher Howell to make his reports before the fifth day of each month, and Officer Christopher Howell testified that the offender knowingly and willfully failed to make such report before the fifth day of the month of September, 2005. Th State also proved beyond a reasonable doubt that the defendant violated Condition 6 of his probation order by possessing illegal drugs or narcotics, as evidenced by a urine sample taken from him on August 5, 2005, which tested positive for cocaine on August 11, 2005, at Scientific Testing Laboratories; the State also proved beyond a reasonable doubt that the defendant violated Condition 8 of his probation order by falsely denying the use of cocaine to his probation officer on August 5, 2005.  His untruthful answer was proven by the positive urinalysis for cocain[e] on August 11, 2005.  The State also proved beyond a reasonable doubt that the defendant violated Condition 13 of his probation order by failing to successfully complete a drug treatment program, as demonstrated by the admission into evidence of an Unsuccessful Discharge Summary Report from North Florida Human Services, Inc. Outpatient Drug Treatment Program dated August

9, 2005.   The evidence at the violation of
probation hearing conclusively demonstrated
that the defendant was a complete and utter
failure as a probationer, due to his continued
abuse of cocaine.   Had he testified, nothing
that the defendant said would have made any
material change in the findings of this Court
as to his performance on probation.

Further, the undersigned believes, as did
the original sentencing judge after the jury
trial conviction, that the defendant at that
time merited a fifteen year sentence.   The
undersigned obviously still maintains that
belief.   Nothing the defendant testified to
regarding the sentence would have any effect
on the sentence imposed at the violation of
probation hearing.   The defendant was told
three years prior that should he violate, he
would get fifteen years with credit for three
years.   That is what he received, and that is
what he should serve.   Ground III fails
utterly even to allege what testimony he would
have given, had he testified, that would have
made any difference in the outcome of the
hearing or the sentence he received.

Id. at 26-27.

Petitioner appealed the trial court's decision.   Id. at 35.

He complained that he should not have been sentenced as a habitual

felony offender.   Ex. R.   The state filed a notice that it did not

intend to file a brief.   Ex. S.   The First District Court of Appeal

affirmed per curiam on May 24, 2007.   Ex. T.

On January 28, 2008, Petitioner filed a Motion to Correct

Illegal Sentence pursuant to Fla. R. Crim. P. 3.800(a).   Ex. U at

1-12.   On February 6, 2008, the circuit court denied the motion.

Id. at 73.   Petitioner appealed.   Id. at 74; Ex. V.   The state

filed a notice that it would not file an answer brief, Ex. W, and

the First District Court of Appeal, on September 10, 2008, affirmed per curiam.  Ex. X.  The mandate issued on October 7, 2008.  Ex. Y.

On October 30, 2008, pursuant to the mailbox rule, Petitioner filed a Petition for Writ of Habeas Corpus claiming he received the ineffective assistance of appellate counsel for the revocation proceeding due to counsel's failure to use Rule 3.800(b), Fla. R. Crim. P., and available case law to raise a due process claim under the Florida Constitution and the United States Constitution challenging the conditions of probation not orally pronounced at Petitioner's 2003 sentencing hearing and not included in a timely written order of probation.[4]  Ex. Z at 4-5.  In its Response to Order to Show Cause, the state noted the following:

> The next item of record is peculiar.  An order of probation signed by the judge February 20, 2003 (the same day as original sentencing) appears.  However, the acknowledgment by the probationer is not signed or executed, and the order itself was not filed until July 28, 2005.  (State App. E).

Ex. BB at 2.  In addition, it noted:

> Under these facts, Hicks claims VOP appellate counsel was ineffective for not moving to correct sentence under rule 3.800(b)(2).  He urges that appellate counsel should have done so, to preserve the issue of whether probation could be revoked based on violation of standard or special conditions not verbally pronounced, and not imposed by

---

[4] The pro se Petitioner specifically referenced a violation of his due process rights under the Fourteenth Amendment to the United States Constitution.  Ex. Z at 4.

written order until 2 1/2 years after the
original sentence.

Id. at 4.

The state noted that the July 2005 order "modified the three-
year probationary portion of his original sentence."  Id. at 5.
The state then argued that "[o]nce it was rendered, [Petitioner]
had an appeal of right under rule 9.140(b)(1)(D).  However, he did
not appeal, as no such notice appears in the progress docket within
30 days from rendition of the order."  Id.  The state then urged
the appellate court to find that Petitioner "deprived this court of
subject matter jurisdiction."  Id.

The state argued that three of the four violations were based
on standard conditions of probation, which by statute, did not
require oral pronouncement.  Id. at 9.  The state readily admitted
that condition 13 "was plainly a special condition."  Id. at 10.
Indeed, the court denominated it as such in the July 2005 Order of
Probation.  Id.  In addition, the state also noted that although
condition 13 was entitled "Drug Evaluation and Treatment[,]" it did
not actually mention or describe the treatment in the body of
condition 13.  Id.  Condition 13 directed Petitioner to submit two
drug specimens to the Florida Department of Law Enforcement, and it
provided notice to Petitioner that if he violated the conditions of
probation, he may be arrested, probation revoked, and an
appropriate sentence rendered.  See Ex. K at 151.

- 16 -

Additionally, the state recognized that Mr. Howell offered no testimony at the probation revocation hearing that he explained any conditions to Petitioner. Ex. BB at 10. Finally, the state opined that an evidentiary hearing would be needed to resolve whether Petitioner was ever given the opportunity to acknowledge the conditions of probation on a different form since there was no sign of acknowledgment on the probation order itself. Id. at 12.

The state argued that Petitioner should be entitled to new appellate counsel to file a Rule 3.800(b)(2) motion attacking the propriety of special condition 13 in the July 2005 order, but that in order to obtain relief, Petitioner would need an evidentiary hearing, which is outside the purview of a Rule 3.800 proceeding. Id. at 12. Further, the state noted that a Rule 3.850 proceeding, which would allow for an evidentiary hearing, would be untimely. Id. Of importance, the state recognized that "[c]ompounding the difficulty is the possibility Hicks may have been entitled to counsel when the July 2005 probation order was entered, at least to the extent a special condition was imposed." Id. at 12-13. The state suggested that perhaps Petitioner should be allowed to file a Rule 3.850(h) motion, but reserved the right to oppose such a motion as untimely. Id. at 13.

The First District Court of Appeal, in its February 9, 2009 per curiam opinion, granted Petitioner's claim of ineffective assistance of appellate counsel for failure to raise issues on appeal and preserve them by filing a Rule 3.800(b) motion. Ex. CC

- 17 -

at 3. The appellate court directed the trial court to appoint counsel, if appropriate, and entertain a Rule 3.800(b)(2) motion. Id. In rendering its decision, the appellate court said:

> Furthermore, the state acknowledges that there is no evidence of any acknowledgement [sic] by petitioner that he understood the terms and conditions of his probation. The Florida Supreme Court has held that the trial court and the probation order must adequately place the probationer on notice of conduct both required and prohibited during the probationary period. Lawson v. State, 969 So.2d 222 (Fla. 2007). A defendant cannot willfully violate a condition of probation without being on adequate notice of the conduct that is prohibited. Id. at 230.

Ex. CC at 2-3. The mandate issued on March 9, 2009. Ex. DD.

Petitioner, represented by counsel, filed a Motion to Correct Sentencing Error Pursuant to Rule 3.800(b)(2) on December 28, 2009. Ex. EE. Petitioner urged the circuit court to find that the trial court failed to orally pronounce the special conditions of probation for drug treatment, the trial court untimely entered the written order of probation, the court record lacked evidence of any acknowledgment by Petitioner that he understood the terms and conditions of probation, and the record lacked any evidence that Petitioner saw the July 28, 2005 order. Id. at 14.

Counsel filed a second Motion to Correct Sentencing Error Pursuant to Rule 3.800(b)(2). Ex. FF. It urged the court to vacate the order revoking probation and the new judgment and sentence claiming:

- 18 -

the revocation of probation was based upon alleged violations of conditions of probation which were neither orally pronounced nor validly imposed by subsequent timely order of probation, and because there is no evidence of Defendant's acknowledgment that he understood the conditions of probation, and Defendant cannot have willfully violated conditions of probation without adequate notice of the conduct which was prohibited or required.

Id. at 13. In support of this claim, counsel relied on Jones v. State, 876 So.2d 642 (Fla. 1st DCA 2004), Ex. FF at 7, and attached a copy of the First District Court of Appeal opinion in Jones. Ex. FF at 37-40. Judge Haddock denied the Rule 3.800(b)(2) motion on March 17, 2010. Id. at 41.

On appeal of the denial of the Rule 3.800(b)(2) motion, Petitioner raised three grounds: (1) the trial court erred by revoking Petitioner's probation because he was not given adequate notice of the terms and conditions of probation; (2) the trial court erred by invalidly imposing special conditions of probation which were not orally pronounced at sentencing and by revoking Petitioner's probation for violation of invalidly imposed conditions; and (3) the trial court erred by imposing conditions of probation which are not statutorily authorized. Ex. HH at i. Again, counsel relied on Jones and urged the appellate court to find that Petitioner's due process rights were violated. Ex. HH at 22. The state answered. Ex. II. Petitioner replied, asking the appellate court to find a violation of Petitioner's due process rights. Ex. JJ at 4. The First District Court of Appeal affirmed

per curiam on August 13, 2010.  Ex. KK.  The mandate issued on September 8, 2010.  Ex. LL.

Petitioner filed a _pro se_ Rule 3.800(c) motion, Ex. MM, and the circuit court denied the motion on October 7, 2010.  Ex. NN.

## V.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### GROUND ONE

As noted previously, Petitioner raised one ground in his Petition:

> The trial court committed a procedural defect by failing to orally pronounce or provide written notice of both standard and special conditions of probation during sentencing, where the court, during revocation proceedings, subsequently violated Hicks' probation and imposed an extended term of incarceration for failing to comply with the standard and special conditions thus omitted, contrary to Hicks 14th, Amendment Right under the United Staters [sic] Constitution and Art. 1. § 9 of the Florida Constitution.

Petition at 6 (italics omitted).

First, Respondents contend that Petitioner has not raised a claim of constitutional dimension.  Response at 5.  The Court rejects this assertion and finds that Petitioner has adequately raised a due process claim pursuant to the Fourteenth Amendment to the United States Constitution.

Second, Respondents assert that Petitioner failed to advance his due process claim in the state court proceedings.  Response at 7-10.  In addressing the question of exhaustion, the Court must ask whether the claim was raised in the state court proceedings and

whether the state court was alerted to the federal nature of the claim. Baldwin v. Reese, 541 U.S. 27, 32 (2004). Upon review, Respondents' assertion that Petitioner did not exhaust his due process claim is belied by the record. See Ex. Z at 4 (referencing a due process violation pursuant to the Fourteenth Amendment to the United States Constitution); Ex. FF at 10, citing Jones, 876 So.2d at 644 ("Revoking probation, however, for violating conditions neither orally pronounced nor embodied in a written order violates a defendant's due process rights under the Florida and United States Constitutions."); Ex. HH at 22 (asserting a violation of due process rights); Ex. JJ at 4 (claiming a violation of due process rights).

Upon careful review and consideration of the state court proceedings, the Court finds Petitioner fairly presented his federal constitutional claim of denial of due process of law to the state courts. In sum, "Petitioner sufficiently alerted the state courts to the federal nature of his claim." Bowser v. McNeil, No. 5:08cv227/RS/EMT, 2011 WL 1158775, at *8 (N.D. Fla. Feb. 23, 2011) (Not Reported in F. Supp.2d) (Report and Recommendation), report and recommendation adopted by Boswer v. McNeil, No. 5:08-cv227/RS/EMT, 2011 WL 1130407 (N.D. Fla. March 28, 2011). Thus, the Court finds the due process claim raised in ground one is adequately exhausted; therefore, it is not deemed to be procedurally defaulted.

Third, Respondents claim that cocaine possession or use is not a technical condition of probation; therefore, it is inherently unlawful and no special notice is required. Response at 10. Indeed, in general, basic statutory terms of probation, including living at liberty without violation of the law, do not need to be orally pronounced at sentencing. See § 948.03(1), Fla. Stat. (standard conditions of probation need not be orally pronounced at sentencing). Moreover, in this instance, the state court made an oral pronouncement at sentencing that Petitioner's probation would be revoked if he committed another offense or did drugs. Ex. A at 120. There is no question that Petitioner received adequate notice concerning the term of probation that he not take illegal drugs.

There are, however, other concerns at issue. Based on Mr. Howell's July 11, 2005 letter to Judge Haddock, no order of probation was executed or filed with the state court clerk at sentencing. Ex. K at 153. The Court is troubled by the fact that there is no explanation as to how the peculiar Order of Probation, file stamped by the Clerk on July 28, 2005, but dated February 20, 2003, suddenly appeared in the record. Significantly, the Order of Probation is not dated and signed by Petitioner, although there is an acknowledgment section at the end of the probation order. In addition, it is not signed by the instructor. Moreover, the order includes a special condition: condition 13. Upon review, there is nothing in the record showing that Petitioner ever acknowledged this Order of Probation, including special condition 13.

- 22 -

There are several additional troubling matters evidenced in this record.  Mr. Howell attested, in his Amended Affidavit, that he instructed Petitioner on the conditions of probation on May 27, 2005, a date clearly prior to the filing of the Order of Probation. See Ex. K at 172.  There is absolutely no explanation in the record as to how Mr. Howell instructed Petitioner on the conditions of his particular probation, including the terms of drug evaluation and treatment in special condition 13, when this probationary condition had not yet been pronounced and executed by the trial court.[5] Based on the record before the Court, Petitioner was never given the opportunity to acknowledge the conditions of probation as finally set forth in the 2005 file stamped order.

Although the state contended that Petitioner should have timely appealed the terms of probation back in 2003, it offers no explanation as to how Petitioner could have appealed the terms of probation when they were not executed and filed in 2003.  See Ex. N at 3.  Again, Petitioner did not receive notice of the entry of the conditions of probation (except for the directive not to commit a crime or take illicit drugs) in 2003; therefore, he could not appeal the additional terms of the Order of Probation back in 2003.

Finally, Respondents contend that the state court rulings are entitled to AEDPA deference.  Response at 11.  See Ex. O (the First

---

[5] Upon close inspection of special condition 13, it does not specifically require successful completion of a drug treatment program.  Ex. K at 151.

District Court of Appeal per curiam affirmed the decision of the trial court revoking probation); Ex. KK (the First District Court of Appeal per curiam affirmed the decision of the trial court denying the Rule 3.800(b)(2)). Respondents urge this Court to find harmless error because Petitioner was specifically made aware of the condition not to use drugs, this constituted his most serious violation, and this act would have resulted in revocation absent other violations. Response at 11.

The Court recognizes that the First District Court of Appeal has granted a probationer relief when the record is not so clear. For instance, the First District Court of Appeal accepted only one of three purported violations and reversed and remanded to the trial court for further proceedings, stating "it is unclear from the record whether the trial court would have revoked probation and imposed the same sentence" based on one violation. Odom v. State, 15 So.3d 672, 681 (Fla. 1st DCA 2009). In the instant case, however, the record is rather transparent. The trial judge warned Petitioner that his probation would be revoked if he did drugs or committed a crime; Petitioner admitted he did drugs; and Judge Haddock, the revocation judge, was not convinced that Petitioner should have been given probation in the first place, revoked Petitioner's probation, and sentenced Petitioner to fifteen years in prison.

But, there is more to this case; the Court is troubled by the lack of fundamental due process in the state court proceeding

- 24 -

modifying the sentence probationary order. Of import, "[t]he lack of representation is not a sentencing error, but rather a due process error." <u>Gonzalez v. State</u>, 838 So.2d 1242, 1243 (Fla. 1st DCA 2003) (per curiam). <u>See</u> <u>Jackson v. State</u>, 983 So.2d 562, 578 (Fla. 2008) (finding the complete deprivation of counsel during resentencing, as occurred in <u>Gonzalez</u>, is fundamental error). In the instant case, the state, in its response to the Rule 3.800(b)(2) motion, noted that the July 2005 order actually modified the three-year probationary portion of the original sentence. Ex. BB at 5. In addition, the state recognized that Petitioner may have been entitled to counsel when the July 2005 probation order was entered, as least to the extent a special condition was imposed. <u>Id</u>. at 13.

To start, "[s]entencing has been recognized as a critical stage of a *criminal proceeding* because, at this post-trial point in the criminal justice process, the *convicted* defendant again confronts the adversarial system and is entitled to counsel." <u>Vines v. United States</u>, 28 F.3d 1123, 1141 n.14 (11th Cir. 1994). (J. Birch, dissenting) (citations omitted). Resentencing also constitutes a critical stage. <u>Duharte v. Sec'y, Dep't of Corr.</u>, 448 F. App'x 959, 962 (11th Cir. 2011) (per curiam). Sentencing and resentencing are readily accepted as critical stages because "[e]ven though the defendant has no substantive right to a particular sentence within the range authorized by statute, the sentencing is a critical stage of the criminal proceeding at which

- 25 -

he is entitled to the effective assistance of counsel." Id.
(quoting Gardner v. Florida, 430 U.S. 349, 358 (1977) (further
internal citations omitted)).

The Eleventh Circuit noted that in United States v. Cronic,
466 U.S. 648, 658-60 (1984), "the Supreme Court explained that 'a
trial is **unfair** if the accused is denied counsel at a critical
stage of his trial.'" Hernandez v. Sec'y, Fla. Dep't of Corr., 408
F. App'x 316, 318 (11th Cir. 2011) (per curiam) (emphasis added),
cert. denied, 132 S.Ct. 1563 (2012). Thus, prejudice is presumed
when counsel was absent or prevented from assisting a defendant
during sentencing or resentencing. Id. (citation omitted).
However, Petitioner must show he was denied counsel at the critical
stage. Specifically, he must show that he was actually or
constructively denied counsel by government action. Id. (citation
omitted).

Based on the record before the Court, the peculiar Order of
Probation, dated in 2003, but filed in 2005, appears in the trial
court record without explanation. The trial court did not provide
Petitioner with counsel for this critical proceeding which modified
the terms of probation orally pronounced at sentencing.
Additionally, Petitioner did not acknowledge the terms of probation
as set forth in the Order of Probation. Finally, he did not appeal
the Order of Probation in 2003 when he actually had counsel at
sentencing because the Order of Probation was not executed and
filed until July 28, 2005.

- 26 -

Here, the modification of the probationary sentence was not simply a ministerial act reducing to writing the oral pronouncement of the trial court that Petitioner should not commit any crimes or take illicit drugs while on probation.  See Duharte, 448 F. App'x at 963.  Of note, the modification of the probationary sentence "was not merely for the correction of a clerical error."  Chestnut v. State, 578 So.2d 27, 28 (Fla. 5th DCA 1991).  Also, the entry of the modified probationary order was not simply a ministerial task under the circumstances presented.  Kleparek v. Florida Civil Commitment Center, No. 08-60876-Civ, 2009 WL 6621465, at *12 (S.D. Fla. Aug. 17, 2009) (Report and Recommendation) (holding that the correction of a written sentence inadvertently referencing the wrong offense is a ministerial task and not a critical stage), report and recommendation adopted by Kleparek v. Florida Civil Commitment Center, No. 08-60876-Civ, 2010 WL 2605846 (S.D. Fla. June 28, 2010).  In the case at bar, Petitioner had "the right to be present" and "the right to assistance of counsel."  Chestnut, 578 So.2d at 28.  Moreover, in Florida, denial of a defendant of the right to be present at a critical stage is fundamental error. Orta v. State, 919 So.2d 602, 604 (Fla. 3rd DCA 2006) (per curiam) (requiring the presence of the defendant at resentencing).

This Circuit has recognized a distinction between modifications of sentences in which the modification does not make the sentence more onerous.  Morris v. Buss, 776 F.Supp.2d 1293, 1306 (N.D. Fla. 2011) (citing United States v. Jackson, 923 F.2d

- 27 -

1494, 1496-97 (11th Cir. 1991) (noting that correction of a portion of a sentence as an illegal sentence does not constitute resentencing requiring the presence of the defendant, as long as the modification does not make the sentence more onerous)). In the case at bar, the probationary sentence became more onerous, adding a special condition. "The absence of counsel is, therefore, legally presumed to be prejudicial if the sentencing court had the legal authority to impose a more lenient sentence than it actually did." United States of America v. Rex, No. CRIM A. CR203-019, 2006 WL 2327516, at *1 (S.D. Ga. Aug. 9, 2006) (citing Golden v. Newsome, 755 F.2d 1478, 1483 n. 9 (11th Cir. 1985)). In Rex, the court noted that the sentencing court had the discretion to impose a more lenient sentence, but it decided to condition "release on participation in the sex offender treatment program." Id. In the instant case, the court decided to impose expanded probationary conditions, including a special condition of drug evaluation and treatment, certainly a more onerous probationary provision.

Upon a thorough review of the record before the Court, the Court finds that Petitioner is entitled to habeas relief on ground one of the Petition, the deprivation of due process of law under the Fourteenth Amendment to the United States Constitution. Petitioner had the right to be present at the modification of his probationary sentence, and he had the right to counsel when he received the more onerous modified probationary sentence in 2005. This constituted a critical stage as the sentencing court had the

- 28 -

legal authority to impose a more lenient probationary sentence than it actually entered in 2005.  Petitioner was denied counsel by the government's action of filing a modified probationary order well over two years after the original sentencing proceeding, without appointing counsel for Petitioner, without Petitioner's presence, and without Petitioner's acknowledgment of the more onerous terms of the probationary conditions as set forth in the July 28, 2005 order.

The denial of the due process claim by the state court "resulted in a decision that was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Therefore, no deference will be applied under 28 U.S.C. § 2254(d).  To the extent the state court utilized the correct governing legal principle, the state court's decision involved an unreasonable application of federal law to the facts of Petitioner's case or an unreasonable refusal to apply the principle to the facts of the case.  The Court is unable to conclude that the constitutional error was harmless.  Thus, the Petition will be granted on ground one.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition for Writ of Habeas Corpus (Doc. 1) is conditionally **GRANTED** with respect to **GROUND ONE** as specified below and subject to paragraph 2.

2.    The December 8, 2005, Order revoking Petitioner's probation and the resulting December 8, 2005 Judgment and Sentence of fifteen years imprisonment is **VACATED**, and Respondents are directed to forthwith take all action necessary to ensure that the state trial court is apprised of this ruling, that counsel is appointed to represent Petitioner Hicks, and that an appropriate disposition is ordered in an expeditious fashion.

3.    The **Clerk of the Court** shall enter judgment accordingly and close this case.

4.    The **Clerk of the Court** shall send a copy of this Order to the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of April, 2014.

BRIAN J. DAVIS
United States District Judge

sa 4/17
c:
Joseph E. Hicks
Counsel of Record
Circuit Court, Fourth Judicial Circuit